# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Criminal Action No.** |
| ) | **05-0024JTM-01** |
| CHRISTOPHER COOPER, ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

✔ **A.  Order for Detention**

✔ After conducting a detention hearing on February 15, 2005, pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

✔ **B.  Statement of Reasons for the Detention**

✔ The Court orders the defendant's detention because it finds:

✔ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

✔ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

✔ **C.  Findings of Fact**

✔ The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

✔ (1) Nature and circumstances of the offense charged:

✔ (a) The crime:  *voluntarily and intentionally assault, resist, oppose, impede, intimidate or interfere, by use of force or a deadly or dangerous weapon, federal law enforcement officers while each*

*was engaged in the performance of official federal law enforcement duties or specifically the surveillance and attempted arrest of the defendant for suspected criminal conduct, contrary to the provisions of 18 U.S.C. §§ 111(a)(2) and 2.* Penalties: *not more than 20 years imprisonment, not more than $250,000.00 in fines, not more than three years supervised release and a $100.00 special assessment.*

✔       (b)     The offense is a crime of violence.
        (c)     The offense involves a narcotic drug.
        (d)     The offense involves a large amount of controlled substances, to wit*:*

✔  (2)     The weight of the evidence against the defendant is high.
✔  (3)     The history and characteristics of the defendant including:
✔       (a)     <u>General Factors:</u>

                The defendant appears to have a mental condition which may affect whether the defendant will appear.
                The defendant has no family ties in the area.
✔             The defendant has no steady employment.
✔             The defendant has no substantial financial resources.
                The defendant is not a long-time resident of the community.
                The defendant does not have any significant community ties.
✔             Past conduct of the defendant:
✔             The defendant has a history of drug abuse.
                The defendant has a history of alcohol abuse.
                The defendant has a significant prior criminal record.
✔             The defendant has a prior record of failure to appear in court proceedings.
✔       (b)     Whether the defendant was on probation, parole, or release by a court:
✔             At the time of the current arrest, the defendant was on:
✔                 Probation
                    Parole
                    Release pending trial, sentence, appeal or completion of sentence.
      (c)     Other Factors:
            The defendant is an illegal alien and is subject to deportation.
            The defendant is a legal alien and will be subject to deportation.
            Other:

✔  (4)     The nature and seriousness of the danger by the defendant's release are as follows: *defendant has an outstanding warrant with a significant bond.*

(5) Rebuttable Presumptions:

In determining that the defendant should be detained, the Court also relied on the following rebuttable presumptions(s) contained in 18 U.S.C. § 3142(e) which the Court finds the defendant has not rebutted:

a. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
(A) A crime of violence; or
(B) An offense for which the maximum penalty is life imprisonment or death; or
(C) A controlled substance violation which has a maximum penalty of 10 years or more or;
(D) A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above <u>and</u> the defendant has a prior conviction for one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release; and the Court finds that
18 U.S.C. § 3142(e)(1), or
18 U.S.C. § 3142(e)(2), or
18 U.S.C. § 3142(e)(3) applies.

b. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:

(A) That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
(B) That the defendant has committed an offense under 18 U.S.C. § 924(c) or § 956(a).

✔  The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed.

✔ **D.     Additional Directives**
✔ Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    That, upon an order of a court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to the United States Marshal for the purpose of an appearance in connection with court proceedings.

    IT IS SO ORDERED.

    */s/ JOHN T. MAUGHMER*
    JOHN T. MAUGHMER
    Chief United States Magistrate Judge

Kansas City, Missouri